Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
Ryane C. Skinner (SBN 356970)
E-mail: rskinner@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYESHA MOODY, individually and as successor-in-interest to Decedent, Jaque Rabon; and ROBERT RABON, individually and as successor-in-interest to Decedent, Jaque Rabon,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:26-cv-04811-SSS-SPx<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR A JURY TRIAL** |

COMES NOW COUNTY OF SAN BERNARDINO (hereinafter "Defendant") answers the Complaint for Damages (hereinafter "the Complaint") of Plaintiffs TYESHA MOODY, individually and as Successor in Interest for JAQUE RABON, Deceased, and ROBERT RABON, individually and as Successor in Interest for JAQUE RABON, Deceased, (hereinafter "Plaintiffs") for themselves and for no other parties, admit, deny, and allege as follows:

/ / /

/ / /

/ / /

/ / /

## INTRODUCTION AND GENERAL ALLEGATIONS

1. In answering Paragraphs 4 and 5 of the Complaint, this answering Defendant admits that this Court has jurisdiction over Plaintiffs' claims. Defendant denies any and all remaining allegations. To the extent any statement of law is made therein, these answering Defendant asserts the law speaks for itself.

2. In answering Paragraphs 1, 2, 3, 16, 17, 18, 26, 33, 41, 42, 45, 48, 49, 51, 59, 60, 62, 63, 65, 79[1], 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 107, 108, 109, 110, 111, 112, 114, 116, 118, 120, 121, 122, 123, 125, 126, 130, 132, 133, 134, 136, and 137 Defendant denies any and all allegations of the respective Paragraphs. To the extent any statement of law is made therein, Defendant asserts the law speaks for itself. Further, to the extent this paragraph implicates a presently non-answering Defendant, this answering Defendant asserts that they cannot answer on behalf of the non-answering Defendant.

3. In answering paragraphs 6, 7, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 44, 46, 47, 52, 53, 54, 55, 56, 57, 58, 64, 91, 105, 106, 115, 117, 127, 128, 129, 131, and 135 of the Complaint, Defendant lacks sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations. To the extent any statement of law is made therein, this answering Defendant asserts the law speaks for itself. Further, to the extent this paragraph implicates a presently non-answering Defendant, this answering Defendant asserts that they cannot answer on behalf of the non-answering Defendant.

4. In answering Paragraph 8, this answering Defendant admits that the County of San Bernardino is a government entity located in California. Further, Defendant admit that the San Bernardino County Sheriff's Department is a

[1] Plaintiffs' Complaint jumps from Paragraph 65 to Paragraph 79. This answering Defendant will continue to answer the Complaint according to the paragraph numbering used by Plaintiff.

subdivision of the County of San Bernardino. Defendant denies any and all remaining allegations. Further, to the extent this paragraph implicates a presently non-answering Defendant, this answering Defendant asserts that they cannot answer on behalf of the non-answering Defendant.

5. In answering Paragraphs 34, 43, 50, 61, 90, 104, 113, 119, and 124 of the Complaint, this answering Defendant hereby incorporates its admissions and denials to the Complaint.

6. In answering the Prayer for Relief, Defendant admits that the County of San Bernardino is immune from punitive damages. Defendant denies any and all alleged liability and wrongdoing and denies any and all remaining allegations contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

7. The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim for relief against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

8. Defendant denies that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

### THIRD AFFIRMATIVE DEFENSE

9. At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

10. Plaintiffs have suffered no actual injuries, damages, or losses due to

Defendant's conduct.

**FIFTH AFFIRMATIVE DEFENSE**

11. Defendant denies that they violated Plaintiffs' Fourth or Fourteenth Amendment rights.

**SIXTH AFFIRMATIVE DEFENSE**

12. Plaintiffs' and the decedent's conduct estops Plaintiffs from claiming the damages alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

13. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

14. Plaintiffs' claims are barred by all applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

15. Defendant is immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

**TENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs are not entitled to punitive damages because Defendant did not act with malicious intent to deprive Plaintiffs of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

**ELEVENTH AFFIRMATIVE DEFENSE**

17. Defendant is immune from the imposition of punitive damages in its official capacity.

**TWELFTH AFFIRMATIVE DEFENSE**

18. To the extent that the Complaint seeks punitive damages against a public entity, punitive damages cannot be imposed against a public entity.



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

**THIRTEENTH AFFIRMATIVE DEFENSE**

19. The individual Defendants are entitled to qualified immunity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

20. Any injuries or damages suffered by Plaintiffs, if any, were caused solely by reason of Plaintiffs' wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

21. Plaintiffs' claims are barred by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' claims are barred by the doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23. Plaintiffs have failed to join necessary and/or indispensable parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' failure to mitigate their damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

25. Plaintiffs lack standing and/or capacity to pursue their causes of action because they are not the proper heirs or successors of interest of the decedent.

**TWENTIETH AFFIRMATIVE DEFENSE**

26. That the damages, if any, should be in direct proportion to the fault of Defendant, if any, as provided by Civil Code Sections 1431 to 1431.5.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

27. Defendant is immune from liability under various statutory provisions, including, but not limited to Cal. Gov't Code §§ 815, 815.2, 815.4, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.4, 821.6, 821.8, 822.2, 830 (c), 830.2, 830.4, 830.5, 830.6, 830.8, 831, 831.4, 835, 835.4, 831.7, 835, 835.4, 840, 840.2, 840.4,840.6, 844, 845.6, and 845.8, as well as Civil Code § 846.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

28. Defendant is immune from Plaintiffs' claims under California law, pursuant to California Government Code §§ 844.6(a)(1-2) and § 830.9.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

29. To the extent the Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of California Government Code §§ 900, 901, 910 and 911.2, *et seq*. Furthermore, the tort claim submitted does not authorize the various state torts set forth in the Plaintiffs' Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

30. Defendant is informed and believes and, therefore alleges that the Complaint is barred on the grounds that Plaintiffs assumed the risk that led to Plaintiff's alleged damages and injuries, if any damages or injuries exist.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

31. Defendant is not liable for Plaintiff's alleged injuries and damages, if any injuries or damages exist, insofar as Plaintiffs seek to impose liability for damages resulting from any intervening conduct, events, occurrences, or actions that occurred after Defendant's alleged conduct.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

32. Any act constituting negligence and/or other fault of any other persons or entities constitutes superseding and intervening causes of any damages or injuries allegedly sustained by Plaintiffs and precludes recovery by Plaintiffs herein against Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

33. Any and all happenings, events, damages and injuries, if any, referred to in the Complaint were proximately caused and contributed by Plaintiffs' own conduct



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

in that Plaintiffs failed to exercise ordinary care at the alleged times and places.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

34. The injuries, damages, and losses, if any, which Plaintiffs claim they sustained as a result of the events and incidents alleged in the Complaint were caused and contributed to by the negligence and/or wrongful conduct of Plaintiffs, thus barring any recovery by Plaintiffs, or reducing said recovery in an equal amount to the percentage of Plaintiffs' own fault found to have caused or contributed to the damages alleged in the Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

35. In the event Defendant is found in some manner legally liable to Plaintiffs, Defendant is entitled to indemnity from Plaintiffs under equitable principles of partial and comparative indemnity, to the extent that the acts, omissions, conduct, and/or breach of obligations by Plaintiffs were negligent or otherwise at fault, and that such negligence or fault was a substantial factor in causing Plaintiffs' alleged harm, injuries, and damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

36. Plaintiffs' alleged injuries, damages, and losses, if any, were caused or contributed to by acts or omissions of third parties rather than Defendant. It is thus necessary that the proportion or degree of negligence or fault of each of said persons or entities, wherein parties to this action or not, be judicially determined such that any judgment that might be rendered against Defendant be reduced in proportion to the degree of fault attributed to each and every third person or entity found liable to Plaintiff herein. As against each such third party or entity, wherein served or not served in this action, whose acts or omissions are found to cause or contribute in any fashion to the injuries, if any, alleged to have been suffered by Plaintiff, Defendant reserves the right to cross-complain and/or move for judgment against such person or entity.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

37. Section 1432 of the California Civil Code provides in pertinent part that "a party to . . . joint and several obligations, who satisfies more than his share of the claim against all, may require proportionate contribution from all the parties joined" with him. To the extent that the acts, omissions, conduct, breach of obligations by, and/or negligence of any party contributed to or proximately caused any damages alleged by Plaintiffs for which Defendant are found liable, Defendant is entitled to contribution from those parties for any amount of such damages in excess of Defendant's proportionate contribution (if any).

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

38. Plaintiff may not have any recovery against Defendant because some or all of their alleged damages are speculative.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

39. Plaintiffs waived whatever rights they may have had against Defendant by reason of Plaintiffs' conduct, acts, or omissions which were tantamount to the knowing relinquishment of those rights.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

40. Defendant alleges that the Complaint is barred on the grounds that, pursuant to California Government Code (Cal. Gov't Code) §§ 815 and 820, neither a public entity nor a public employee is liable for any injury, wherein such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the alleged act or omission, and even such statutory liability is subject to any statutory immunity of the public entity or public employee and is further subject to any defenses that would be available to the public entity or public employee if a private person or entity.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

41. Pursuant to the provisions of Cal. Gov't Code § 815.6, Defendant is immune from liability in that any mandatory duties imposed upon Defendant were



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

exercised with reasonable diligence.

**THIRTY- SIXTH AFFIRMATIVE DEFENSE**

42. Defendant denies that Plaintiffs were deprived of any rights, privileges, or immunities guaranteed by the laws and Constitution of the United States or by the laws and Constitution of the State of California.

**THIRTY- SEVENTH AFFIRMATIVE DEFENSE**

43. Government Code § 985 provides that in a case against a public entity, the court may consider collateral source payments and reduce the amount of any trial award by the amount of insurance or other collateral source payments that figured in the verdict. Thus, even if Defendant is to be found liable for Plaintiffs' alleged damages, injuries or losses, if any, Plaintiffs are only entitled to recover the amount Plaintiffs directly expended or incurred and Plaintiffs' pre-trial medical services, not the amount paid for by private insurance, Medi-Cal, and other collateral sources. *Hanif v. Housing Authority of Yolo County* (1988) 200 Cal.App.3d 635, 643. Plaintiffs also cannot claim as a component of damages in this action any amounts discounted by Plaintiffs or Plaintiffs' insurance companies to healthcare providers as part of a preferred provider discount. *Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298, 307, 309.

**THIRTY- EIGHTH AFFIRMATIVE DEFENSE**

44. To the extent that California Code of Civil Procedure §§ 377.20 *et seq*. and 377.60 *et seq*. apply, which provide for survival and wrongful death actions, Plaintiffs' Complaint and/or claims are barred for failure to comply with one or more requirements of the California Code of Civil Procedure §§ 377.20 *et seq*. and 377.60 *et seq*. and the California Probate Code.

**THIRTY- NINTH AFFIRMATIVE DEFENSE**

45. Defendant did not owe a duty to Plaintiffs.

**FORTIETH AFFIRMATIVE DEFENSE**

46. Defendant did not breach a duty owed to Plaintiffs if any duty existed.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

47. A breach of duty by Defendant, if any, did not actually or proximately cause Plaintiffs' alleged injuries and damages.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

48. Any and all relevant medical care was provided based on informed, voluntary, express, and/or implied consent of an individual or Party authorized by law to provide consent.

**FORTY- THIRD AFFIRMATIVE DEFENSE**

49. Any and all relevant medical care was authorized by law including but not limited to by way of Court Order.

**FORTY- FOURTH AFFIRMATIVE DEFENSE**

50. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Dated: October 1, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Ryane C. Skinner
Attorneys For Defendant
COUNTY OF SAN BERNARDINO

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

WHEREFORE, Defendant COUNTY OF SAN BERNARDINO demands a trial before a jury on all issues presented by Plaintiffs' Complaint triable to a jury.

WHEREFORE, Defendant COUNTY OF SAN BERNARDINO prays that:

1. Judgment be rendered in favor of Defendant COUNTY OF SAN BERNARDINO against Plaintiffs;

2. Plaintiffs take nothing by this action;

3. Defendant COUNTY OF SAN BERNARDINO be awarded costs of suit incurred herein; and

4. Defendant COUNTY OF SAN BERNARDINO be awarded such other and further relief as the Court may deem necessary and proper.

Dated: October 1, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones

Nathan A. Oyster
Caylin W. Jones
Ryane C. Skinner
Attorneys for Defendant
COUNTY OF SAN BERNARDINO