**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TYESHA MOODY, individually and as successor-in-interest to Decedent, Jaque Rabon; and ROBERT RABON, individually and as successor-in-interest to Decedent, Jaque Rabon,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO; and DOES 1 through 10, inclusive,

Defendants.

Case No. 5:26-cv-04811-SSS-SP

*Hon. Sunshine S. Sykes*
*Hon. Mag. Judge Sheri Pym*

**JOINT RULE 26(f) REPORT**

Scheduling Conference:
Date: December 11, 2026
Time: 1:00 p.m.
Crtrm: 8C

**Complaint (with Demand for Jury Trial) Filed**: August 24, 2026
**Responsive Pleading Filed**: October 1, 2026
**Trial (Proposed)**: April 17, 2028

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's October 8, 2026, Order Setting Scheduling Conference [Dkt. 15], the early meeting of counsel has been conducted between counsel for Plaintiffs and counsel for Defendant County of San Bernardino. The early meeting of counsel took place via telephone on November 2, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Caylin W. Jones of Burke, Williams & Sorensen, LLP, counsel for Defendant County of San Bernardino.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(a) <u>Statement of the Case</u>**

<u>Plaintiffs' Summary</u>: Plaintiffs allege that, on January 22, 2026, law enforcement officials including deputies from the County of San Bernardino Sheriff's Department sought to apprehend Plaintiffs' decedent, Jaque Rabon ("Mr. Rabon"), while he was at a shopping center in Riverside, California. Plaintiffs further allege that the deputies, whose names are currently unknown to Plaintiffs and who are identified as Does in the Complaint, exited unmarked vehicles, drew their firearms, and ran toward Mr. Rabon. Plaintiffs further allege that, when Mr. Rabon moved away and raised his hands in the air, a deputy fired multiple gunshots at Mr. Rabon, causing him to fall to the ground, and then additional deputies fired additional shots at him while he was on the ground. Plaintiffs further allege that no verbal warnings preceded any of the shots and that Mr. Rabon was not armed with any weapon during the incident. Mr. Rabon died from his injuries.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983 against the individual officer Defendants for excessive force, denial of medical care, and interference with familial relationship. Plaintiffs also bring *Monell*

claims against Defendant County of San Bernardino for unconstitutional custom, practice, or policy, failure to train, and ratification. Plaintiffs also bring claims under California law for battery, negligence, and Violation of the Bane Act, Civ. Code § 52.1.

<u>Defendant's Summary</u>:

On January 22, 2026, around 10:00 a.m., San Bernardino County Sheriff's Department's Special Enforcement Division (SED) Deputies were in their unmarked patrol vehicles working to apprehend fugitive Jacque Rabon, who was wanted for the attempted murder of his ex-girlfriend. Deputies located Rabon entering a Starbucks near 3784 Tyler Street in Riverside.

At approximately 10:06 a.m., Corporal Nicassio confronted Rabon outside a nearby America's Tires and ordered him to show his hands. In response to Rabon's compliance, Corporal Nicassio lowered his weapon. Less than a second after Rabon complied with Corporal Nicassio's commands, Rabon turned around and ran off down the walkway before running into the parking lot. Deputy Tarankow pursued him, repeatedly **ordering him to stop and identifying himself as a sheriff's deputy**. During the pursuit, Rabon repeatedly looked back while reaching toward the black crossbody bag he was wearing. Fearing Rabon was attempting to retrieve a weapon, Deputy Tarankow fired approximately three rounds. After falling and rolling onto his back, Rabon again reached toward the bag, prompting deputies to fire additional rounds.

**(b) <u>Subject Matter Jurisdiction</u>**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(c) Legal Issues**

1. Whether the individual Defendants used excessive force against Mr. Rabon;
2. Whether the individual Defendants denied timely medical care to Mr. Rabon;
3. Whether the individual Defendants unlawfully interfered with Plaintiffs' familial relationships with Mr. Rabon;
4. Whether the County of San Bernardino maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;
5. Whether the County of San Bernardino improperly failed to train its deputies, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;
6. Whether one or more County of San Bernardino officials who possessed final policymaking authority ratified the individual Defendants' actions and the reasons for them;
7. Whether individual Defendants were negligent toward Mr. Rabon;
8. Whether the individual Defendants specifically intended to violate Mr. Rabon's constitutional rights, or acted with reckless disregard toward those rights;
9. The nature and scope of Plaintiffs' damages;
10. Whether Plaintiffs are entitled to punitive damages; and
11. Whether any of the individual Defendants to be named are entitled to Qualified Immunity.

**(d) Parties, Evidence, etc.**

*Parties*: The parties are Plaintiffs Tyesha Moody and Robert Rabon, and Defendants County of San Bernardino and Does 1-10.

*Witnesses*: The percipient witnesses include the County of San Bernardino

Sheriff's Department officials and personnel present at the scene of the incident, officials and personnel from other law enforcement agencies that were present at the scene of the incident, medical professionals who attended to Mr. Rabon, and other possible civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include San Bernardino Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendant May Use*: Body worn camera video, surveillance video, photographs, 911 audio calls, reports relating to Decedent.

**(e) Service of Complaint**

Defendant County of San Bernardino has been served and has answered the operative complaint. No named defendant has yet to be served.

**(f) Damages**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal law and state law for their individual damages for the wrongful death of Mr. Rabon; for Mr. Rabon's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life; and for the interference with Plaintiffs' familial relationship with Mr. Rabon. Plaintiffs also seek punitive and exemplary damages against the individual Defendants only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs, and interest incurred.

Defendant denies that Plaintiffs are entitled to any damages.

**(g) Insurance**

Defendant County of San Bernardino is self-insured pursuant to Government

Code 990.

**(h) <u>Motions (Procedural)</u>**

There are no pending motions. Plaintiffs anticipate filing either a stipulation to name the currently unidentified individual law enforcement officers who are alleged to have liability, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiffs are hopeful that such amendment may be accomplished through stipulation.

Additionally, Plaintiffs are informed and believed that at least one involved officer was a federal official, against whom Plaintiffs' claims may be subject to the Federal Tort Claims Act. Although Plaintiffs have submitted the required federal tort claim, that law's requirements mean that Plaintiffs may be barred from naming any involved federal officer in this action until as late as March 2027. To account for this issue, Plaintiffs are requesting a delayed deadline to amend pleadings or add parties, as indicated in the scheduling worksheet provided as Exhibit A hereto.

Aside from these, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

Defendant is informed that there is a pending Department of Justice investigation ongoing related to this incident. An individual Defendants may assert their Fifth Amendment rights pending the investigation. Defendants may file a Motion to Stay the case pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and <u>Keating v. Off. of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995). A court has discretion to stay civil proceedings "when the interests of justice seem to require such action." <u>Keating v. Off. of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995). Because Plaintiff's claims in this case relate to the same factual allegations for which Doe Defendants may be criminally prosecuted, discovery in this civil case could

interfere with the ongoing investigation and/or prosecution of certain Doe Defendants.

**(i) <u>Dispositive Motions</u>**

The parties have discussed potential dispositive motions and propose a deadline of January 14, 2028, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant anticipates filing a motion for summary judgment.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial, but are unable to identify the specific subjects of such motions at this early stage.

**(j) <u>Manual for Complex Litigation</u>**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(k) <u>Status of Discovery</u>**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before December 1, 2026. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**(l) <u>Discovery Plan</u>**

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving written discovery regarding County records

regarding the incident and taking the depositions of County personnel who were involved in the detention of, use of force against, and arrest of Mr. Rabon. Plaintiffs may also depose medical personnel who provided medical attention to Mr. Rabon. Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendant will conduct discovery on liability and damages including issuing subpoenas, Requests for Production, Requests for Admissions and Interrogatories.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more County personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

**(m) <u>Fact Discovery Cut-off</u>**

The parties propose a Fact Discovery Cut-Off of September 10, 2027, which is also as set forth in Exhibit A hereto.

**(n) <u>Expert Discovery</u>**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on September 24, 2027; Rebuttal Expert Disclosure on October 15, 2027; and Expert Discovery Cut-Off of October 29, 2027. These dates are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(o) <u>Settlement Conference / Alternative Dispute Resolution (ADR)</u>**

a. *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b. *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 3 (private mediation). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(p) <u>Trial</u>**

a. *Proposed Trial Date*

The parties propose a trial start date of April 17, 2028. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or more parties; and lead trial counsel's current trial calendars for late 2027 and early 2028.

b. *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side. In light of the early stages of discovery, the parties do not currently have a clear estimate of the number of witnesses they contemplate calling. The trial estimate is based on the issues to be litigated in the case, the fact that several law enforcement officers were involved and are believed to have used deadly force, the anticipated existence of other percipient witnesses, additional testimony regarding Mr. Rabon's injuries and attempted medical interventions, and expert testimony on both sides.

Defendant contemplates calling approximately ten witnesses.

c. *Jury or Court Trial*

The parties request a trial by jury.

d. *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

**(q) <u>Trial Counsel</u>**

Dale K. Galipo will be lead trial counsel for Plaintiffs.

Nathan A. Oyster (Lead), and Caylin W. Jones of Burke, Williams & Sorensen, LLP will be trial counsel for Defendant County of San Bernardino.

**(r) <u>Independent Expert or Master</u>**

The parties agree that this case does not require an independent expert or master.

**(s) <u>Timetable</u>**

The required Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**(t) <u>Class Action</u>**

Not applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**(u) Other Issues**

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: November 18, 2026 LAW OFFICES OF DALE K. GALIPO

By *<u>/s/ Benjamin S. Levine</u>*
DALE K. GALIPO
BENJAMIN S. LEVINE[1]
*Attorneys for Plaintiffs*

Dated: November 18, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By *<u>/s/ Caylin W. Jones</u>*
NATHAN A. OYSTER
CAYLIN W. JONES
RYANE C. SKINNER
*Attorneys for Defendant County of San Bernardino*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.